## In re SHAW.

### No. 5273.

District Court, D. Idaho, S. D.

Sept. 17, 1940.

Henry M. Hall, of Jerome, Idaho, for bankrupt.

Frank M. Rettig, of Jerome, Idaho, for North Pac. Mortg. Co.

CAVANAH, District Judge.

In regard to the motion and the objections of the North Pacific Mortgage Company, a creditor, to the amended petition, and which was presented to the Court, and some testimony taken, the conclusion is reached that the motion and objections are overruled.

While there was testimony taken on the motion as to whether or not it would be feasible to grant the moratorium provided for in Section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, and the Court announced that from the testimony, the procedure adopted in said section would warrant an order granting the extension therein provided for, but after examining the procedure provided for in Section 75, sub. s, it would seem that it would, at this time, be premature to dispose of the matter relative to whether or not the three year moratorium provided for in the section should be disposed of at this time, as it will be seen from the section that when a farmer fails to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by the composition, he may petition the Court that all of his property wherever located be appraised,

338

etc., and upon such request being made the referee under the jurisdiction of the Court shall designate and appoint appraisers as provided in the Act. Such appraisers shall appraise all of the property of the debtor, wherever located, at its then fair and reasonable market value, and in such proceedings either party may file objections, exceptions and take an appeal within four months from the date that the referee approves the appraisal. Then, after the value of the debtor's property shall have been fixed by the appraisal as provided, the Referee shall issue an order setting aside to such debtor his unincumbered exemptions, and his unincumbered interest or equity in his exemptions, as prescribed by the State law, and shall further order that the possession, under the supervision and control of the Court, of any part or parcel or all of the remainder of the debtor's property shall remain in the debtor, as therein provided for, subject to all existing mortgages, liens, pledges and incumbrances. Then, when the conditions set forth in the section of the Statute have been complied with, the Court shall stay all judicial or official proceedings in any Court, or under the direction of any official against the debtor or any of his property, for a period of three years.

This means that after the above steps have been taken the matter must be presented to the Court to take the steps as provided for in paragraph (2) of subsection s of Section 75, and as held by the Supreme Court in the recent case of John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S. Ct. 221, 84 L.Ed. 176, wherein this procedure and the statute was interpreted.

The Court then hears the facts, of the debtor and any creditor, and shall during the period of three years, permit the debtor to retain possession of all or any part of his property, in the custody and under the control and supervision of the Court, provided that he pays a reasonable rental semiannually for that part of the property of which he retains possession. The first payment of such rental shall be made within one year of the date of the order staying proceedings. The amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net income, and earning capacity of the property, and such rental shall be paid into court to be used in the manner as provided in paragraph (2) of subsection s of Section 75.

So that the Court cannot at this time make any order as suggested at the conclusion of the hearing on the objections of the North Pacific Mortgage Company, and the proceedings above stated will have to be taken first before the Referee to whom the matter has been referred and after the steps above referred to have been taken before the Referee, the matter then comes before this Court to be heard as to the granting or not granting of the three year period to the debtor as provided in the Statute.

Accordingly an Order will at this time be made overruling the objections of the North Pacific Mortgage Company as to the Order heretofore made adjudicating the debtor a bankrupt.