etc., and upon such request being made the referee under the jurisdiction of the Court shall designate and appoint appraisers as provided in the Act. Such appraisers shall appraise all of the property of the debtor, wherever located, at its then fair and reasonable market value, and in such proceedings either party may file objections, exceptions and take an appeal within four months from the date that the referee approves the appraisal. Then, after the value of the debtor's property shall have been fixed by the appraisal as provided, the Referee shall issue an order setting aside to such debtor his unincumbered exemptions, and his unincumbered interest or equity in his exemptions, as prescribed by the State law, and shall further order that the possession, under the supervision and control of the Court, of any part or parcel or all of the remainder of the debtor's property shall remain in the debtor, as therein provided for, subject to all existing mortgages, liens, pledges and incumbrances. Then, when the conditions set forth in the section of the Statute have been complied with, the Court shall stay all judicial or official proceedings in any Court, or under the direction of any official against the debtor or any of his property, for a period of three years.

This means that after the above steps have been taken the matter must be presented to the Court to take the steps as provided for in paragraph (2) of subsection s of Section 75, and as held by the Supreme Court in the recent case of John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S. Ct. 221, 84 L.Ed. 176, wherein this procedure and the statute was interpreted.

The Court then hears the facts, of the debtor and any creditor, and shall during the period of three years, permit the debtor to retain possession of all or any part of his property, in the custody and under the control and supervision of the Court, provided that he pays a reasonable rental semiannually for that part of the property of which he retains possession. The first payment of such rental shall be made within one year of the date of the order staying proceedings. The amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net income, and earning capacity of the property, and such rental shall be paid into court to be used in the manner as provided in paragraph (2) of subsection s of Section 75.

So that the Court cannot at this time make any order as suggested at the conclusion of the hearing on the objections of the North Pacific Mortgage Company, and the proceedings above stated will have to be taken first before the Referee to whom the matter has been referred and after the steps above referred to have been taken before the Referee, the matter then comes before this Court to be heard as to the granting or not granting of the three year period to the debtor as provided in the Statute.

Accordingly an Order will at this time be made overruling the objections of the North Pacific Mortgage Company as to the Order heretofore made adjudicating the debtor a bankrupt.

**In re HAUN.**

No. 5288.

District Court, D. Idaho, S. D.

Sept. 28, 1940.

Pasco B. Carter, of Boise, Idaho, for Second Alliance Trust Co.

Lionel T. Campbell, of Twin Falls, Idaho, for bankrupt.

CAVANAH, District Judge.

The Second Alliance Trust Company moves to set aside the order adjudicating the Bankrupt a bankrupt upon her amended petition in so far as it affects certain real property claimed by it to be the owner.

The determination of that issue of fact is prematurely presented at this time under the procedure provided for by the Bankruptcy Act in Subdivision s, Section 75, 11 U.S.C.A. § 203, sub. s, that the farmer after failing to obtain the acceptance of a majority in number and amount of all the creditors may amend his petition asking to be adjudged a bankrupt. This was done here, and upon the amended petition the debtor was adjudged a bankrupt and the amended petition referred to a referee for administration. When that is done, then either party may file objections, exceptions and take an appeal within four months, and in such proceeding the Farmer may petition the Court that all his property wherever located, whether pledged, incumbered or unincumbered, be appraised and that his unincumbered exemptions and unincumbered interest or equity in his exemption as prescribed by state law, be set aside to him, and upon such request being made the Referee under the jurisdiction of the Court shall designate and appoint appraisers who shall appraise all of the property of the debtor wherever located.

An interpretation of this statute as to the procedure was made by the Supreme Court in the case of John Hancock Mutual Life Insurance Company v. Bartels 308 U. S. 180, 60 S.Ct. 221, 224, 84 L.Ed. 176, where the Court said: "The procedure under subsection s is intended to protect all interests. It provides, in paragraph (1), that after the value of the debtor's property has been fixed by the prescribed appraisal, the referee shall set aside the debtor's unencumbered exemptions and direct his retention of possession of the rest of his property subject to all liens and to the court's supervision and control. Under paragraph (2), if there has been compliance with the statutory conditions, the Court is directed to stay all proceedings against the debtor or his property for a period of three years, and during that time the debtor may retain possession of all or part of his property subject to the Court's control, provided he pays a reasonable rental semi-annually." And the Court definitely said: "We are not here concerned with questions which may arise in the course of the administration under the statute, but merely with the duty to follow the procedure which the statute defines and the District Court failed to observe. We hold that on his amended petition invoking subsection s Bartels was entitled to be adjudged a bankrupt and to have his proceeding for relief entertained and his property dealt with in accordance with that subsection."

While the contention in the Bartels case was that it would not be feasible to grant the relief urged by the farmer, yet the Supreme Court definitely interpreted the Statute as to the procedure to be first taken, was to follow the procedure which the statute defines, and on the debtor's amended petition invoking subsection (s) he is entitled to be adjudged a bankrupt and to have his proceedings for relief entertained and his property dealt with in accordance with that subsection.

That Statute does not provide that the issue of ownership of the property can be determined upon motion to set aside an order of adjudication of the bankrupt, but contemplates, first, the procedure as stated by the Supreme Court, and when the property is to be appraised under order of the referee it is there determined what property belongs to, or the bankrupt has an interest in, and the appraisal shall be made in all respects with rights of objections, exceptions and appeal granted within four months.

340

When the above procedure is taken, then any objecting party as to what property should or should not be included in the appraisal of the debtor or whether he is the owner thereof may, after the appraisal is made, make any objection or exception or take an appeal.

The procedure under this statute was considered and determined in the recent case of Thomas F. Shaw, Debtor, 35 F. Supp. 337, in an opinion of the Court filed September 17, 1940, where the conclusion, and the steps to be taken, was reached as here, and it was there held that the proceedings must first be taken before the Referee to whom the matter has been referred.

Accordingly, an order will at this time be made overruling the motion and objection of the Second Alliance Trust Company, and the proceeding now pending before the Referee of administration continue.

**WASHINGTON, BALTIMORE & ANNAPOLIS REALTY CORPORATION v. MAGRUDER, Collector of Internal Revenue.**

No. 762.

District Court, D. Maryland.

Oct. 23, 1940.

Semmes, Bowen & Semmes, Ambler H. Moss and David R. Owen, all of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., and James P. Garland, Sp. Asst. to the Atty. Gen., for defendant.

COLEMAN, District Judge.

This is a suit for refund of capital stock taxes which the plaintiff has paid and now seeks to recover on the ground they have been erroneously collected. The taxes total $17,990, exclusive of interest, as follows: $6,000 for the fiscal year ending June 30, 1936; $5,985 for the fiscal year ending June 30, 1937; $3,000 for the fiscal year ending June 30, 1938, and $3,005 for the fiscal year ending June 30, 1939.

While four separate Revenue Acts are involved, the language with which we are here concerned, which is contained in the first of them, the Revenue Act of 1935, Section 105 (a), C. 829, 49 Stat. 1014, 1017, 26 U.S.C.A. Int.Rev.Acts, page 798, is not changed in the later acts,—tax periods and the amount of the tax only being changed. The above section of the 1935 Act is as follows: "For each year ending June 30, beginning with the year ending June 30, 1936, there is hereby imposed upon every domes-